O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **RANDALL ROOSEVELT HERALD,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | **CIVIL ACTION V–04-68** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM & ORDER

Randall Roosevelt Herald ("Herald") filed a petition for a writ of habeas corpus challenging his non-release to mandatory supervision from confinement in the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). Pending before the Court is Respondent Douglas Dretke's Motion for Summary Judgment (Dkt. #4). After considering the motion, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED.

### Factual and Procedural Background

Herald was held by Respondent pursuant to a judgment and sentence of the 24th Judicial District Court of Victoria County, Texas, in cause number 82-11-10,843, styled *The State of Texas v. Randall Roosevelt Herald*. On March 11, 1983, Herald plead guilty to and was convicted of committing murder with a deadly weapon  He was sentenced to life in prison on that same date. Herald filed an application for a state writ of habeas corpus, challenging his continued incarceration, which was dismissed on March 10, 2004 for failure to comply with appellate rules. *Ex parte Herald*, Application No. 58,503-01. Herald filed another application for state writ of habeas corpus, which

the Court of Criminal Appeals denied on June 16, 2004. *Ex parte Herald*, Application No. 58,503-02.

### Claims and Allegations

In his habeas petition, Herald claims he is entitled to habeas relief based upon three grounds:[1]

(1) TDCJ-CID time sheets indicate that Herald is a "mandatory supervision prospect" and Respondent refuses to release Herald to Mandatory Supervision as required by law.

(2) Herald is being denied equal protection under the 14th Amendment to the United States Constitution because the State is subjecting him to a punishment to which his liberty interest in good time credit cannot be applied because a life sentence is beyond calculable provisions of the mandatory supervision law.

(3) Herald is being denied equal protection under the 14th Amendment to the United States Constitution because the mandatory supervision statute is not being applied to his life sentence in the same way it is applied to other sentences that are eligible for mandatory supervision.

### Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[2] The burden is on the movant to convince the court that no genuine issue of material fact

---

[1] Though Herald's federal petition only lists two grounds, based on Herald's briefing the Court believes Herald is making three different arguments.

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds,*

exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

**Analysis**

I.   **Petitioner's Claims are Barred by the Statute of Limitations**

Herald filed his federal habeas petition on July 12, 2004. His petition is therefore subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

---

*and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Herald and Respondent dispute the date that Herald's claim accrued. The one-year limitations period runs from the date on which the factual predicate of the claim could have been discovered. § 2244(d)(1)(D). Respondent asserts that the factual predicate regarding Herald's eligibility for release on mandatory supervision arose when he received a life sentence on March 11, 1983. Alternatively, Respondent contends that Herald's claim accrued on and in any event no later

than October 26, 2002, the date Herald would have served twenty years of his life sentence.[3]  On the other hand, Herald argues that the statute of limitations began to run on October 31, 2003, which was the date noted on TDCJ-CID time sheet indicating that his formal request to be released to mandatory supervision was denied.[4]

Under Herald's interpretation of the mandatory supervision release statute, art. 42.12, § 15(c), he was not eligible for release when he was originally sentenced to life.  According to Herald's argument he became eligible for release when he had served twenty calendar years on his four life sentences, which occurred on or about October 31, 2002.  The Court concludes that the factual

factual predicate of his claim could have been discovered through the exercise of due diligence on that date.  Thus, the AEDPA one-year limitations period began to run the next day on November 1, 2002 and expired on November 1, 2003.  *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003), citing *Flanagan*, 154 F.3d at 197 ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.

---

[3] Herald's Petition for Writ of Habeas Corpus, Exhibit 1.  Herald argues that he was entitled to release after serving at least twenty years with good time credit to add up to sixty years, what he claims to be the length of a life sentence.  *Id.*, Attached Memorandum at 11.

[4] Herald's Petition for Writ of Habeas Corpus, Exhibit 1.

§ 2244(d)(2). Though Respondent has not provided the Court with documentation, it alleges that Herald filed his first application for writ of habeas corpus, *Ex parte Herald*, Application No. 58,503-01, on January 28, 2004. Regardless of the date Herald's first application was filed, it does not toll the limitations period because it was improperly filed due to failure to comply with Rule 73.2 of the Texas Rules of Appellate Procedure. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) (holding that an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *see also Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2000) (holding that state writ application was not properly filed for purposes of tolling limitation period where court blindly applies procedural bar without considering the merits or determining whether an exception applies). Herald's second application for a state writ of habeas corpus also does not toll the limitations period, because it was filed on April 19, 2004, after the limitations period had already expired.

Accordingly, Herald's petition is time barred unless he can prove he is entitled to equitable tolling. The AEDPA statute of limitations can be tolled only in "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (1998). The circumstances here are by no means exceptional. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Indeed, Herald has not even argued that he is entitled to equitable tolling.

Additionally, there is no indication or allegation that Herald was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is also no showing of a newly recognized constitutional right upon which the petition is based. 28 U.S.C. §

2244(d)(1)(C). Therefore, Herald's habeas petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## II.  Even If His Petition Were Timely, Herald Would Not Be Entitled to Mandatory Supervision

Even if Herald's federal habeas petition were timely filed, he would still not be eligible for release to mandatory supervision. A state prisoner does not automatically have a federal constitutional right to obtain release before the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). However, at the time he was sentenced state law provided that:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the [Parole] Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, art. 42.12, § 15(c), 1977 Tex. Gen. Laws 925, 927-28 (current version at TEX. GOV'T CODE ANN. § 508.147 (Vernon 2004)). Despite the language of this statute, the Texas Court of Criminal Appeals noted that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001). The court thus held that those sentenced to life are not eligible for release to mandatory supervision under the mandatory supervision statute. *Id.*

Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 64-68 (1991); *see also Weeks v. Scott*, 55 F.3d 1059, 1062-63 (5th Cir. 1995) (holding that "it is not a federal habeas court's function to review a state's interpretation of its own law.");

*Campos v. Johnson*, 958 F. Supp. 1180, 1189-91 (W.D. Tex. 1997) (petitioner's claim that Texas prison officials "erroneously construed or applied applicable state statutes and parole regulations" presented "only an issue of state law" and did not warrant federal habeas relief). Because Herald cannot show that he has a constitutionally protected interest in being released to mandatory supervision, he has failed to state a claim for which federal habeas relief can be granted.

### III.    Herald Equal Protection Claim Is Without Merit

The Equal Protection clause of the Fourteenth Amendment mandates that no state shall " deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection clause directs that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394 (1982); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 n. 15 (5th Cir. 2001). "If the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action–even if irrational–does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997), *cert. denied*, 522 U.S. 995, 118 S. Ct. 559 (1997) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)) (citation omitted). Therefore, a violation of the Equal Protection clause occurs only when governmental action classifies or distinguishes between two or more relevant persons or groups. *Vera v. Tue*, 73 F.3d 604, 609-610 (5th Cir. 1996). Disparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted. *See Washington v. Davis*, 426 U.S. 229, 246-50, 96 S. Ct. 2040, 2051-52 (1976); *Johnson*, 110 F.3d at 306. Thus, a party who wishes to make out an Equal Protection claim must prove "'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury." *Johnson*, 110 F.3d at 306 (quoting *McCleskey v. Kemp*, 481

U.S. 279, 292-293, 107 S. Ct. 1756, 1767 (1987)) (citation omitted). If a law neither burdens a fundamental right nor targets a suspect class, it will be upheld so long as it bears a rational relation to some legitimate end. *See Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 1627 (1996).

Herald does not claim that he is being treated differently than others serving a life sentence. Rather he challenges the State's application of its mandatory supervision statute on the ground that all those serving life sentences are being treated differently than those that are not serving life sentences and who are thereby eligible for mandatory supervision. Though both classes of prisoners are required to serve time, those individuals serving life sentences are not similarly situated to those who are not serving life sentences. Thus, Herald does not allege that he is being treated differently from anyone else who is similarly situated (i.e., other prisoners who are serving life sentences). Additionally, despite his assertions to the contrary, those serving life sentences are not in a protected class. *See e.g., Farese v. Scherer*, 342 F.3d 1223, 1229 n. 7 (11th Cir. 2003). Moreover, denying those serving life sentences the right to mandatory supervision bears a rational relationship to the legitimate end of protecting society from those who commit serious criminal offenses such as murder. Therefore, even if Herald's federal habeas petition were timely, he would still not be entitled to habeas relief based upon the Equal Protection clause of the 14th Amendment.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Herald needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition. A certificate of appealability may be issued only if Herald makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Herald must demonstrate that the issues are debatable among jurists of reason; that a court could

resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Herald has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); 395 F.3d at 561. The Court **DENIES** the issuance of a certificate of appealability in this action.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. #4) is **GRANTED**.

2. This action is **DISMISSED**, with prejudice.

3. A certificate of appealability is **DENIED**.

**SIGNED** on this 7th day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE